UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIKHAEL EL-BAYEH,           )<br>            Plaintiff,        )<br>                                         )<br>v.                                      )<br>                                         )<br>MASSACHUSETTS DEPARTMENT OF  )<br>TRANSPORTATION; JONATHAN GULLIVER, )<br>IN HIS INDIVIDUAL AND OFFICIAL  )<br>CAPACITY AS HIGHWAY ADMINISTRATOR )<br>OF MASSACHUSETTS DEPARTMENT OF )<br>TRANSPORTATION; COLLEEN OGILVIE, IN )<br>HER INDIVIDUAL AND OFFICIAL CAPACITY )<br>AS REGISTRAR OF MOTOR VEHICLES; )<br>MASSACHUSETTS DEPARTMENT OF STATE )<br>POLICE; CHRISTOPHER S. MASON, IN HIS )<br>INDIVIDUAL AND OFFICIAL CAPACITY AS )<br>COLONEL OF MASSACHUSETTS  )<br>DEPARTMENT OF STATE POLICE; )<br>MICHAEL P. SIERRA, IN HIS INDIVIDUAL )<br>CAPACITY,                        )<br>            Defendants.        ) | CIVIL ACTION NO. |

**DEFENDANT MICHAEL P. SIERRA'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT (ECF NO. 8)**

**STATEMENT OF CASE**

Mikhael El-Bayeh filed a seven count complaint against Michael P. Sierra, a member of the Massachusetts State Police and numerous other state officials and entities. The thrust of Mr. El-Bayeh's complaint is that his federal civil rights were violated when Tpr. Sierra ordered him to pull his motor vehicle over to the side of the road where he then wrote him a civil violation for speeding (Counts 5, 6, and 7). Each of the seven counts that the Plaintiff has set forth in his Complaint states that he is seeking to enforce his constitutional rights relief through 42 U.S.C., § 1983.

1

Tpr. Sierra promptly removed this federal civil rights action to the District Court and now offers the following in opposition to the Plaintiff's effort to remand the action to the state court.

### SIERRA'S REMOVAL WAS PROPER IN THAT HE WAS THE ONLY DEFENDANT WHO HAD BEEN SERVED AT THE TIME OF THE REMOVAL

On September 27, 2021 Michael Sierra was served via Deputy Sheriff with a copy of the complaint in the state action. On October 13, 2021 Defendant Michael Sierra filed a Notice of Removal (ECF No. 1) of that state action pursuant to 28 U.S.C., §§ 1331, 1441(a) and in compliance with 28 U.S.C., § 1446. At the time Tpr. Sierra filed his Notice of Removal, he was the only Defendant who had been <u>served</u> in the state action (Exhibit A). Based on the following, the Defendant, Michael P. Sierra, respectfully requests that the Plaintiff's Motion to Remand be denied and that the action be allowed continue in the District Court.

A Defendant may remove a state court action to federal court utilizing the removal statute Under the removal statute, See 28 U.S.C. § 1441 (permitting removal of cases where the federal court would have had "original jurisdiction"). The Defendant acknowledges that there is a so-called "unanimity requirement." See <u>Chicago, Rock Island & Pac. Ry. Co</u>. v. <u>Martin</u>, 178 U.S. 245, 247-48, 20 S.Ct. 854, 44 L.Ed. 1055 (1900). However, unanimity applies to only those Defendants who have been served. See 28 U.S.C., § 1446(b)(2)(A). In this proceeding, on the date of the removal, there was no notice on the docket of the state court that any Defendant had been served (Exhibit A).

In Plaintiff's filing he fails to assert that he had effected service prior to the date of removal. The only proof of service on any Defendant is that as is shown through Exhibit A: October 15, 2021. That date is two dates after the removal (ECF No. 1).

Since the requirement for removal is that only those defendants properly joined and served need to consent to removal, Tpr. Sierra has meet the requirements for removal to this

Court.  See 28 U.S.C., § 1446(b)(2)(A) "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

There is no requirement in the statute for a removing Defendant to canvas other named Defendants who have yet to be served to solicit their input on removal.  Simply put, until service is effected, a party may not participate in a removal effort.

WHERERFORE, the Defendant, Michael Sierra, hereby opposes the Plaintiff's Motion to Remand and requests that the matter be retained in the District Court.

|  |  |
|---|---|
|  | The Defendant, <br> MICHAEL SIERRA, <br> By his attorneys, <br><br> ROGAL & DONNELLAN, P.C. <br><br> /s/ Joseph G. Donnellan <br> Joseph G. Donnellan, BBO# 558060 <br> 100 River Ridge Drive, Suite 203 <br> Norwood, Massachusetts 02062 <br> (781) 255-1200 |
| Dated:  November 8, 2021 | jdonnellan@rogalanddonnellan.com |

## CERTIFICATE OF SERVICE

I, Joseph G. Donnellan, hereby certify that I served a copy of the foregoing NOTICE OF REMOVAL to all counsel of record, via ECF, and to those not so registered via email or 1st Class U.S. Mail, postage prepaid this 8th day of November, 2021.

/s/ Joseph G. Donnellan
Joseph G. Donnellan

3