United States District Court

District of Massachusetts

|  |  |
|---|---|
| Mikhael El-Bayeh, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 21-11674-NMG |
| Michael P. Sierra, et al., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM & ORDER

GORTON, J.

  Mikhael El-Bayeh ("El-Bayeh" or "plaintiff") commenced this action in Middlesex Superior Court against Michael P. Sierra ("Sierra"), a member of the Massachusetts State Police, and five other state officials and entities. On October 15, 2021, Sierra filed a Notice of Removal with this Court based upon federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446. Pending before this Court are two motions to remand, one filed by El-Bayeh and the other by the remaining five defendants. Both motions seek remand on the grounds that the defendants did not unanimously consent to the removal of this case.

A defendant in a state court action may remove it to federal court so long as the plaintiff could have originally filed the action in federal court. See 28 U.S.C. § 1441. If the action involves multiple defendants, however, 28 U.S.C. 1446 requires that "all defendants consent to remove the case for removal to be effected," subject to a few exceptions not applicable here. <u>Esposito</u> v. <u>Home Depot U.S.A., Inc.</u>, 590 F.3d 72, 75 (1st Cir. 2009); <u>see</u> 28 U.S.C. 1446(b)(2)(A) ("When a civil action is removed [based on federal question jurisdiction], all defendants who have been properly joined and served must join in or consent to the removal of the action."). This is the so-called "unaminity requirement" described in <u>Esposito</u>, 590 F.3d at 75 (1st Cir. 2009).

Sierra does not dispute the applicability of the unanimity requirement but instead argues that it was satisfied here because there was no notice on the docket of the state court, as of October 15, 2021, that any defendant had been served. That argument overlooks the fact that the state court docket clearly indicates that each of the five other defendants were served before that date, even though notice of service of process was not entered on the docket until, coincidentally, October 15, 2021.

> The removal statute does not require the consent of all defendants <u>whose proof of service is on file</u>; rather, it requires the consent of all defendants who

> have been properly joined and served. Allowing defendants to use proof of service as a proxy for actual service would be particularly ill-advised in Massachusetts, where failure to make proof of service...does not affect the validity of the service.

<u>Doe</u> v. <u>McGuire</u>, 289 F. Supp. 3d 266, 271 (D. Mass. 2018) (citations and quotations omitted) (emphasis original). Because Sierra failed to obtain the consent of all of the defendants who had been served at the time he submitted his notice of removal, i.e. all five co-defendants, he failed to comply with the removal requirements of 28 U.S.C. 1446.

### ORDER

Accordingly, the motions to remand (Docket Nos. 8 and 12) will be **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 11, 2022